SELINA N. O'DONNELL et al., respondents,

v.

RONAL McCANN, administrator, &c., of CATHERINE FITZPAT-
RICK, deceased, accountant and appellant.

[Argued November 15th, 1907.   Decided January 6th, 1908.]

1. Where testatrix had resided with her administrator and his wife, but
testatrix was not shown to have had knowledge of the fact that the ad-
ministrator had told his wife she could have the money derived from
testatrix's board, the implied contract to pay for such board was to pay to
the husband as the head of the family, and not to the wife.

2. Where an estate was insufficient to pay legacies in full, they should
abate proportionately.

On appeal from an order of the Middlesex county orphans
court.

Mr. George S. Silzer, for the appellant.

Mr. Freeman Woodbridge, for the respondents.

MAGIE, ORDINARY.

The single question presented by this appeal is whether the
orphans court was correct in sustaining an exception to a claim
of allowance in the final account of Ronal McCann, the admin-
istrator, and appellant.   By the account, the administrator
claimed an allowance for a payment made to one Catherine
McCann for board of deceased, amounting to $555.94.   This
claim was excepted to.   On the trial of the exceptions it ap-
peared that Catherine McCann, to whom the administrator
claimed to have paid this sum, was the administrator's wife;
that the administrator lived with his wife and maintained the
family; that the testatrix lived in the family, and that the
sum claimed for board arose upon a contract implied from
these circumstances.

The implied contract thus arising was a contract to pay the husband, the head of the family. There was no contract made by the testatrix with the wife for any services rendered. The testatrix left a legacy to the wife and a daughter for such services. The board was evidently to be paid to the head of the family. An obligation to pay the board to the wife did not arise because the husband told the wife she might have the money. If the testatrix knew of that fact, perhaps a different conclusion might be drawn, but in the absence of any proof of such knowledge, the wife had no claim upon the deceased.

The orphans court was right in maintaining the exception and striking this item from the account.

Other exceptions were presented which were not considered in the orphans court, because by sustaining the first exception, above dealt with, they were rendered of no consequence. If the orphans court erroneously sustained that exception, then the other exceptions ought to have been sustained. They questioned the payment of legacies in full out of the residue of the estate, which was insufficient to satisfy all the legacies. Manifestly this was erroneous, as legacies should abate when the estate is insufficient to satisfy the whole of them.

The decree of the orphans court must be affirmed.